FRANCISCO VELA ACOSTA, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 778.   Submitted November 4, 1929.—Decided November 14, 1929.

*L. Muñoz Morales,* for appellant.   The registrar did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

By a public instrument executed in San Juan on May 20, 1929, Jacinto A. Palacios, for himself and as the attorney in fact of his wife, sold to Francisco Vela, appellant herein, two properties situated in the Municipality of Gurabo and known by the names of "La Nave" and "Mamey" which he had acquired on January 29, 1929, and which had been recorded in his name as owner thereof in the registry of property.

It was further made to appear in the deed that an action of debt had been prosecuted in the District Court of Humacao against María Nieves, widow of González, and Ramón

González; that within that action the properties "La Nave" and "Mamey", then belonging to María Nieves, widow of González, were attached, notice of the attachment having been entered in the registry on May 14, 1928; that in August, 1928, judgment was rendered and entered against defendants in that action and that in execution thereof the marshal of the district court sold at public auction on May 18, 1929, to Francisco Vela Acosta the properties thus attached. The marshal's certificate of the proceedings had at the execution sale is copied in the deed.

It was also recited in the said public instrument that Vela, the purchaser at the execution sale, had requested Palacios, who had acquired said properties in January of that same year from their owner, the defendant widow of González, to execute the proper conveyance to Vela; that Palacios was agreeable to this and accordingly he ratified the previous sale made by the marshal. By the same instrument Palacios sold to Vela his cane crops growing on the properties.

When the document was presented for record in the registry of property the registrar refused to record it, by a ruling the pertinent part of which reads as follows:

"The record of the present document is refused because, as regards the 'La Nave' property, Palacios is only a part owner thereof to the extent of an undivided interest worth $12,620.80 out of $13,950 at which the property has been assessed; and as regards the two properties described, because what the marshal sold in the action referred to in the present document were the rights and interests of the defendants, María Nieves and Ramón González, in the said properties, whereas the execution purchaser Vela appears as making demand upon Jacinto A. Palacios; and Palacios pursuant to the marshal sale executed a deed of sale to Vela in violation of the provisions of section 5 of the Act of March 9, 1905, paragraph 5294 of the Revised Statutes of 1911 . . . ."

The grounds for the decision of the registrar, as formulated by appellant in his brief and as set forth in the ruling itself, may be stated thus:

"A.—That the vendor, Palacios, had acquired and possessed, in

one of the properties, only an undivided interest valued at a certain sum.

"B.—That what the marshal sold at public auction in the action referred to in the deed were the rights and interests which the defendants, María Nieves and Ramón González, might have in the properties sold.

"C.—That the private sale from Palacios as the owner of the properties, or interests therein, violated the provisions of section 5 of the Act of March 9, 1905, which prescribe that it is the marshal who must execute the deed of sale."

The first and second grounds may be considered and decided together.

It is true that the deed of May 20, 1929, recites that Palacios is the owner of the properties, while it appears from the ruling that he only owns an undivided interest worth $12,620.80 out of a total value of $13,950.

If that is so, we think that the appellant is right in his contention that the registrar erred in refusing to record the document in its entirety and that, instead, adapting the transaction to the showing from the registry, he should have recorded the sale as to the undivided interest which appears recorded in the name of the vendor and refused the record as to the balance of the property.

The same reasoning applies to the marshal's sale. If this officer sold the rights and interests which the defendant Nieves had in the properties and the sale was ratified by the party who had previously acquired such rights from defendant herself, the record should have been made accordingly. After all, a vendor can not convey more than what he really owns.

The practice followed in this case is not an advisable one. Something unusual must have occurred. But, if all the parties affected manifest their acquiescence in a formal manner, the final expression of the resulting agreement must be allowed entry in the registry.

Let us consider the third ground. The statutory provision invoked by the registrar reads:

"Sec. 5. When immovable property is sold by the marshal, or

other duly authorized officer, at public sale, under an execution or order of sale, issued by a court, it shall be the duty of such marshal or other officer to execute to the purchaser at such sale, a good and sufficient deed for such property, and the costs of making such deed shall be paid by such purchaser."

The above provision must be construed in connection with article 174 of the Mortgage Law Regulations which says:

"If the estate mortgaged should have been sold or awarded in payment, and the corresponding price should have been deposited in a proper case, the deed of conveyance or the act of award shall be executed by the court on its own motion as the representative of the owner of the mortgaged property, if the owner himself should not voluntarily appear to execute it on the day set therefor, which shall be the earliest possible, and thereupon the new owner shall be given possession if he requests it."

At the time the marshal sold at public auction the properties in question, their owner had already sold them to Palacios subject to the lien of the litigation, and if Palacios is willing to sell again or ratify the marshal sale, what is the necessity of a deed which, by a legal fiction, said officer would execute as the representative of the real vendor, the owner? Acting as the owner did, a formal conveyance from the marshal became unnecessary.

For all the foregoing reasons, the decision appealed from must be reversed and the record sought ordered as above indicated, that is to say, restricting the effect of the sale to whatever interest may appear recorded in the registry in favor of the vendor.

Mr. Justice Hutchison took no part in the decision of this case.